Frank J. Kronenberg, J.
Petitioners instituted a proceeding to review a tax assessment under article 7 of the Real Property Tax Law. Respondents moved to dismiss the petition on the ground that petitioner had failed to comply with section 702 of the Real Property Tax Law.
Section 702 of the Real Property Tax Law provides as follows:
“ § 702 Place where and time within which proceeding to be brought.
*926 “l.A proceeding to review an assessment of real property under this article shall be brought at a 'Special term of the supreme court in the judicial district in which the assessment to be reviewed was made.
‘ ‘ 2. Such a proceeding shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment. For the purposes of this section an assessment roll shall not be considered finally completed and filed until notice thereof has been given as required by law.
“3. If it appears upon the answer that the petition or petition and notice, when such notice is required by section seven hundred four of this chapter, were not served or served and filed where required pursuant to section seven hundred forty of this chapter, within the time limited therefor, the failure to serve or file the petition or petition and notice within such time shall constitute a complete defense to the petition and the petition must be dismissed. ’ ’
Respondent contends that the 1963 assessment rolls for the City of Niagara Falls were finally completed and filed by the City Assessor with the City Clerk of said city on the 10th day of July, 1962.
The affidavit of James E. Collins, City Clerk of the City of Niagara Falls, states that he did receive the assessment rolls on the 10th day of July, 1962 and the same were duly filed by him.
The affidavit of John J. Maloney, the City Assessor, states that a certified copy of the general assessment roll subscribed by the members of the Board of Equalization and Review was filed as above mentioned with the City Clerk on July 10, 1962 and on the same day a notice of the completion and filing of the roll was published in the Niagara Falls Gazette, the same being done in compliance with section 516 of the Real Property Tax Law. iSaid notice being as follows :
“ Notice is hereby given pursuant to the Provisions of 'Section 516 of the Real Property Tax Law that the General Assessment Roll of the City of Niagara Falls, New York, as now constituted for the current year, has been finally completed and in its completed form filed in the office of the City Clerk of said City and will be open for public inspection as provided by law.
“ P.E. WEAVER, City Engineer
“ EARL J. LENHART, City Comptroller
“ JOHN J. MALONEY, City Assessor
“ 371 July 10 ”
The City Assessor further contends that the petition for review was dated and sworn to on August 14, 1962 and that the *927 same was served upon him on August 14, 1962 and that consequently petitioner had failed to comply with subdivision 2 of section 702 of the Real Property Tax Law requiring that said proceeding be commenced within 30 days after final completion and filing of the assessment roll.
Petitioner in his argument contends that respondent failed to comply with section 506 of the Real Property Tax Law in that he failed to make a tentative completion of the assessment roll on or before the 24th day of June and further that he failed to publish in a newspaper in said community a notice stating that the Assessor had completed the assessment roll and that a copy is available for examination in a specified place and that it can be seen and examined by any person until the 2d day of July.
Respondent does not deny failure to comply with section 506 of the Real Property Tax Law, but contends that the city has the power to set up the timetable for the filing of a tentative assessment roll and that the same was contained in sections 189 and 190 of the City Charter of Miagara Falls and that the same was complied with. Respondent contends further that the right of the municipality to enact laws relating to the period of time for the correction and review of local assessments is contained in the City Home Rule Law (§ 11, subd. 1).
Sections 700-720 of the Real Property Tax Law contain the general provisions concerning the judicial review of an assessment of real property.
Section 702 is a Statute of Limitations and unless complied with petitioner is in no position to raise the question of whether or not section 506 of the Real Property Tax Law must be complied with or any other question, providing of course that respondent has also complied with the provisions of section 702 so that the statutory period commences to run.
Section 702 is by no means ambiguous. Subdivision 2 of said section states that “ Such a proceeding shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment. For the purposes of this section an assessment roll shall not be considered finally completed and filed until notice thereof has been given as required by law ’ \
There is no question that said assessment roll was completed and filed and that publication as required by law was complied with on the 10th day of July, 1962. There also is no question that 30 days had expired since the filing and publication of said notice and the institution of the proceeding herein. Consequently, pursuant to subdivision 3 of section 702 “the failure *928 to serve or file the petition or petition and notice within such time shall constitute a complete defense to the petition and the petition must be dismissed ”.
The motion to dismiss these proceedings is granted and the petition herein is dismissed.