In the Matter of JAMES DUDLEY, Respondent, v ROBERT KER-
WICK, as Assessor of the Town of Hardenburgh, et al.,
Appellants. (Proceeding No. 1.)

In the Matter of the STATE OF NEW YORK, Respondent, v
ROBERT KERWICK, as Assessor of the Town of Harden-
burgh, et al., Appellants. (Proceeding No. 2.)

Third Department, January 31, 1980

## APPEARANCES OF COUNSEL

*Oppenheim, Drew & Kane (Stephen L. Oppenheim* of counsel), for appellants.

*Coughlin & Gerhart (Peter H. Bouman* and *George L. Ingalls* of counsel), for James Dudley, respondent.

*Robert Abrams, Attorney-General (George M. Thorpe* and *Shirley Adelson Siegel* of counsel), for State of New York, respondent.

## OPINION OF THE COURT

MAIN, J.

We are concerned here with separate proceedings which this court ordered prosecuted upon a joint record and briefs. In Proceeding No. 1 (Dudley proceeding), Mr. Dudley, dismayed and provoked by the fact that he and a small percentage of real property owners in the Town of Hardenburgh were being forced to carry the tax burden of scores of other real property owners who had been granted exemptions by reason of their membership in the Universal Life Church, sought, on behalf of himself and all other persons similarly situated who owned nonexempt property in the town, (1) a review of the determination of the assessment officials, (2) a declaration that the 1977 real property assessment roll of the Town of Hardenburgh is null and void, (3) an injunction preventing any action based on such assessment roll, and (4) an injunction directing the town officials to place the unlawfully exempted properties on the assessment roll. This proceeding was commenced on November 7, 1977.

Approximately two weeks later, on November 23, 1977, the State of New York commenced Proceeding No. 2 (New York proceeding). It too brought the action on behalf of itself and all other persons similarly situated who owned nonexempt real property in the Town of Hardenburgh. While not couched in precisely the same terms as the Dudley proceeding, the relief sought was very nearly identical.

On January 27, 1978 petitioner in the Dudley proceeding moved for an order determining that the proceeding be conducted as a class action, seeking to create two classes. The respondents resisted, asserting that the proceeding could not be conducted as a class action for a variety of reasons. Moreover, the respondents sought dismissal of the proceeding for failure to join necessary parties, for failure to state a cause of

action, for lack of personal jurisdiction by reason of improper service of process, for lack of subject matter jurisdiction and for untimeliness. Special Term, on July 5, 1978, denied respondents' motions in all respects and ordered the Dudley proceeding to be maintained and defended as a class action.

Respondents cross-moved in the New York proceeding upon virtually identical grounds as advanced in the Dudley proceedings, with the same result obtaining.

The respondents contend that article 7 of the Real Property Tax Law (hereinafter all references are to RPTL unless otherwise specified) provides the exclusive method for judicial review and assert that the proceedings are untimely because they were not commenced within 30 days as provided therein. Petitioners counter with the arguments that article 7 does not provide the exclusive means of review, that judicial review is obtainable by way of CPLR article 78, and that its proceedings were timely commenced and are within the time span provided in CPLR 217.

We hold that article 7 provides the exclusive method for judicial review under the circumstances presented here. From a review of the history of proceedings involving the assessments of real property, it seems apparent that the objective sought to be achieved by the revision of former article 13 of the Tax Law, now article 7 of the RPTL, was to provide a clear, simple, efficient, *speedy* and all encompassing means for the handling of complaints from aggrieved owners of real property arising from the assessment process, save for those instances where jurisdiction was an issue. That this is what the Legislature had in mind appears clear upon examination of the terms and the language of article 7. The broad and all inclusive language of subdivision 1 of section 700, which provides that a proceeding to review an assessment shall be brought in accordance with this article unless otherwise provided by law, lends itself to the conclusion that the article was designed to draw within its sphere assessment challenges of every variety, with the exception of those instances where a body or officer has allegedly acted in excess of its or his jurisdiction, which is surely not the case here where the assessor clearly has the authority to grant or deny an exemption. The language of subdivision 1 of section 720 is also supportive of this purpose or objective, for its language contemplates the striking of exemptions and the revision of

valuations within the confines of article 7. Moreover, several decisions have spoken to the exclusivity of article 7 (see, e.g., *Central School Dist. No. 1 v Rochester Gas & Elec. Corp.,* 61 Misc 2d 846, 849; *Matter of Bedford Lake Park Corp. v Board of Assessors of Town of Bedford,* 45 Misc 2d 485; *Matter of Falls Riverway Realty v Maloney,* 38 Misc 2d 925).

Furthermore, while the grant or denial of exemption and the establishment or assessment of value are not identical functions, they are closely akin, for each procedure involves factual issues and determinations, and each fits nicely into the cocoon of an article 7 proceeding. Previously, we brought attention to the fact that article 7 had, as one of its assigned objectives, the speedy and efficient disposition of these matters, and its provisions so provide through the limitation of time within which to commence the proceeding. Through these provisions, the proceeding timely commenced can be completed by October of a given year, at a time before the tax is actually imposed. Moreover, we are experiencing times when the rate of roll over or change of ownership of real property is at an all time high so that an efficient but accelerated process is absolutely necessary if we are to achieve a just result for all concerned. The longer the proceeding lingers, the harder it becomes to achieve such an end.

Consequently, we conclude that article 7 provides the best and the exclusive means for judicial review of these proceedings; and since the assessment roll was published on July 27, 1977 and the proceedings were not commenced within 30 days, they are untimely and the proceedings must be dismissed.

In so ruling, we are not unmindful of a body of law that might indicate a contrary result. However, those cases preceded the adoption of article 7, were concerned with jurisdictional problems or deficiencies, or were relevantly distinguishable in some manner.

The orders should be reversed, on the law, and the petitions dismissed, without costs.

KANE, J. P., STALEY, JR., MIKOLL and HERLIHY, JJ., concur.

Orders reversed, on the law, and petitions dismissed, without costs.